UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**DONALD KEITH RUNNELS**            **DOCKET NO. 3:17-CV-1504**

                                                                **SECTION "P"**

**VERSUS**                                                **JUDGE ROBERT G. JAMES**

**JOHN B. EDWARDS, ET AL**          **MAGISTRATE JUDGE HAYES**

**REPORT AND RECOMMENDATION**

Pro se petitioner Donald Keith Runnels (DOC #187611) filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on November 14, 2017, challenging his sentence, which was amended by the trial court on April 19, 2017. He seeks to be released on parole immediately.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

**Procedural History**

Petitioner was charged with, and convicted of, simple burglary and theft of less than $500 in the 33rd Judicial District Court, Allen Parish, Louisiana, in 2011. On November 29, 2012, he was sentenced to 15 years in prison. [Rec. Doc. 5-2, p.2] On April 19, 2017, the trial court, on motion of the petitioner, amended the LA Uniform Commitment Order to include the offense date. [Rec. Doc. 5-2, p. 1] Petitioner now argues that pursuant to that amendment, the trial court illegally changed the "special comments and instructions," causing him to not be eligible for parole. He asks this Court to alter the commitment order issued by the 33rd Judicial District Court and to release him on parole.

**Law and Analysis**

28 U.S.C. §2254 states, as relevant to this proceeding:

> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> * * *
>
> (c) An applicant shall not be deemed to have exhausted the remedies
>
> available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

The exhaustion doctrine set forth in §2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples,* 489 U.S. 346, 349, 109 S.Ct. 1056, 1059, 103 L.Ed.2d 380 (1989). The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy,* 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982). Federal and state courts are equally obliged to guard and protect rights secured by the Constitution. Therefore, it would be inappropriate for a federal district court to upset a state court conviction without first giving the state court the opportunity to correct the alleged constitutional violation.

To have exhausted his state remedies, a federal *habeas* petitioner must have fairly presented the substance of his federal constitutional claims to the state courts. *Nobles v. Johnson,* 127 F.3d 409, 420 (5th Cir.1997), *cert. denied,* 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). Exhaustion requires that any federal constitutional claim presented to the state courts be supported

by the same factual allegations and legal theories upon which the petitioner bases his federal claims. *Picard v. Connor,* 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). In addition, a federal *habeas* petitioner must fairly present his constitutional claim to the highest state court. *Skelton v. Whitley,* 950 F.2d 1037, 1041 (5th Cir.), *cert. denied sub nom. Skelton v. Smith,* 506 U.S. 833, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992); *Richardson v. Procunier,* 762 F.2d 429, 431 (5th Cir.1985); *Carter v. Estelle,* 677 F.2d 427, 443 (5th Cir.1982), *cert. denied,* 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983).

In Louisiana, the highest state court is the Louisiana Supreme Court. Petitioner has not presented his federal *habeas* claims to the Supreme Court of Louisiana, as he admits that his claim is still pending. [Rec. Doc. 5, p.5] Therefore, it is clear that the Louisiana courts have not yet had an opportunity to review and determine the merits of petitioner's *habeas corpus* claims.

Absent a showing that state remedies are either unavailable or inadequate (such showing not having been demonstrated by plaintiff), he cannot now proceed in this court in *habeas corpus. See* 28 U.S.C. § 2254; *Fuller v. Florida,* 473 F.2d 1383, 1384 (5th Cir.1973); *Frazier v. Jones,* 466 F.2d 505, 506 (5th Cir.1972). Accordingly, dismissal of this federal habeas corpus proceeding for lack of exhaustion is warranted.

Petitioner is hereby advised that the federal *habeas corpus* statutes impose a one-year statute of limitations for filing *habeas corpus* petitions in federal court, see 28 U.S.C. § 2244(d), and that this provision is applicable to any subsequent petition that petitioner files in this court. Petitioner is further advised that the filing of a federal *habeas corpus* petition, such as the one filed in this case, does not toll the statute of limitations for federal *habeas* relief. *Duncan v. Walker,* 533 U.S. 167, 181-182, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001).

Moreover, since the present petition raises *only unexhausted claims,* the court need not address the stay and abeyance of mixed *habeas* petitions recently addressed by the Supreme Court in *Rhines v. Weber,* 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005) (holding that district courts have the discretion to stay rather than dismiss, a *mixed habeas* petition containing exhausted and unexhausted claims if the petitioner has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics).

For the foregoing reasons, Petitioner's § 2254 petition should be **DENIED AND DISMISSED WITHOUT PREJUDICE** for failing to exhaust state court remedies.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING

ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

### Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In chambers in Monroe, Louisiana, this 26th day of January, 2018..

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**